```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                             :

ROBERT E. WILUSZ and LISA M.       :   BK No. 05-13822
WILUSZ, a/k/a LISA COURCHAINE             Chapter 7
          Debtors                  :

LORI J. TAVARES                    :
          Plaintiff
v.                                 :   A.P. No. 05-1078

ROBERT E. WILUSZ and LISA M.       :
WILUSZ, a/k/a LISA COURCHAINE
          Defendants
- - - - - - - - - - - - - - - - - -x
```

## ORDER (1) DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT, AND (2) GRANTING DEFENDANTS' MOTION TO ANSWER OUT OF TIME

Heard on the Plaintiff (Tavares's) Motions for Entry of Clerk's Default and for Default Judgment, and on the Debtor/Defendants' Motion for Leave to Answer Out of Time. At issue is whether a default is the proper result here, given the fact that the answer to the Complaint was filed (albeit late) prior to the request for default. For the reasons discussed, I find and conclude that default is not called for at this time, and that the Defendants should be allowed to file their Answer out of time.

### BACKGROUND

In September 2005, Robert and Lisa Wilusz (the Debtors) filed a voluntary Chapter 7 petition, and thereafter, Robert Wilusz's former wife, Lori Tavares, commenced an adversary proceeding against both Debtors, seeking a determination that certain debts owed to her by her former husband are nondischargeable under 11

BK No. 05-13822; A.P. No. 05-1078

U.S.C. § 523(a)(5) and/or § 523(a)(15).  The dispute involves a marital settlement agreement wherein Robert Wilusz agreed to pay 25% of the expense of the education of the parties' two children.

Debtors' counsel misread the response date on the summons as January *18*, 2006, instead of the correct date of January *13*, 2006. On January 14, 2006, Debtors' counsel did file a response via the Court's Electronic Case Filing System, but, compounding his problems, erroneously filed the Answer in the bankruptcy case, instead of in the adversary proceeding.  Debtors' counsel eventually got it right, and on January 19 (six days after the deadline), an Amended Answer was appropriately filed in the adversary proceeding.  Because they missed the filing deadline, the Debtor/Defendants also filed the instant Motion for Leave to Answer Out of Time, on the ground that their tardiness was the result of excusable neglect.  Tavares objected, and countered by filing a Motion for Clerk's Default and a Motion for Entry of Default Judgment, asserting that in addition to the late filing issue, the answer should not be allowed because the Defendants do not have a meritorious defense to her claim.

## **DISCUSSION**

For a clerk's default to enter, three conditions must be met: (1) the claim must be for a sum certain or one that can be quantified by mathematical computation; (2) the default must have

BK No. 05-13822; A.P. No. 05-1078

resulted from a party's failure to appear in the action; (3) the defaulting party may not be an infant or incompetent person. *See* 10 James Wm. Moore et al., Moore's Federal Practice ¶ 55.20 (3d ed. 1997).

Here, condition two has not been satisfied, as the Defendants did "appear", and in fact their answer to the Complaint was filed before the Plaintiff's request for default was filed.  Also, the Defendants have satisfied the excusable neglect standard established in *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship.*, 507 U.S. 380 (1993),[1] i.e., their failure to timely file an answer was not intentional, but rather was the result of mistake or oversight in calendaring a deadline.  The delay in filing the answer was only six days, there is no discernible or alleged prejudice, and to grant the relief requested by the Plaintiff in these circumstances would be overkill, and an unwarranted departure from the favored policy of resolving disputes on their merits. *Anderson v. Beatrice Foods Co.*, 900 F.2d 388, 395 (1st Cir. 1990); *see also Jones v. Mann* (*In re Jones*), 279 B.R. 366, 368 (Bankr. M.D. Ga. 2001).  Accordingly, the Plaintiff's Motions for Clerk's Default and for Entry of Default Judgment are DENIED, and the Defendants' Motion for Leave to Answer Out of Time is GRANTED.

---

[1] Even under pre-*Pioneer* standards, the Plaintiff would not prevail on the facts in this case.

BK No. 05-13822; A.P. No. 05-1078

Dated at Providence, Rhode Island, this    28th    day of July, 2006.

_Arthur N. Votolato_
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 7/28/2006